# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| STEPHEN PRESSWOOD, § | |
| § | |
| § | Civil Action No. 4:16-CV-00958 |
| v. § | (Judge Mazzant/Judge Johnson) |
| § | |
| ALLSTATE VEHICLE AND PROPERTY § | |
| INSURANCE COMPANY, § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 11, 2017, the report of the Magistrate Judge (Dkt. #57) was entered containing proposed findings of fact and recommendations that Defendant Allstate Vehicle and Property Insurance Company's Motion for Summary Judgment (Dkt. #38) be denied. Having received the report of the Magistrate Judge (Dkt. #57), having considered each of Defendant's timely filed objections (Dkt. #58), having considered Plaintiff's response (Dkt. #59), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #57) as the findings and conclusions of the Court.

## BACKGROUND

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (the "Policy") issued by Defendant, for the period beginning March 13, 2016, to March 13, 2017 (Dkt. #38 at 2). On or about April 11, 2016, Plaintiff's home, located at 4128 Kentshire Lane, Dallas, Texas 75287 (the "Property"), was damaged by a wind and hail storm, and Plaintiff submitted a claim for the

resulting damage. *Id.* Plaintiff asserted Defendant grossly underestimated the damage to the Property; thus, on November 17, 2016, Plaintiff Stephen Presswood filed the present suit, asserting claims against Defendant for breach of contract and violations of the Texas Insurance Code and Deceptive Trade Practices Act (Dkt. #6).

On June 1, 2017, Defendant filed a Motion for Summary Judgment (Dkt. #38). Defendant's primary argument is that Plaintiff's suit is not yet ripe because of Plaintiff's failure to comply with the Policy's express requirement to submit a sworn proof of loss ("POL") ninety-one days before filing suit against Defendant. *Id.* Both parties agree Plaintiff failed to submit a sworn POL before filing suit. Plaintiff filed a Response on July 13, 2017 (Dkt. #53), after Plaintiff was granted an extension. On July 31, 2017, Defendant filed a Reply (Dkt. #56), after Defendant was granted an extension.

## ANALYSIS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Defendant objects that the Magistrate Judge erred for the following reasons: (1) Defendant is entitled to summary judgment because the "Action Against Us" clause in the Policy precludes Plaintiff's suit under the insurance contract; and (2) Defendant is entitled to summary judgment on the extra-contractual claims (Dkt. #58). Plaintiff filed a response to Defendant's objections (Dkt. #59).

**<u>Objection 1: Contract Claim</u>**

Defendant asserts essentially the same arguments in its motion (Dkt. #38) and reply (Dkt. #56). Defendant argues the Court should enforce the "Action Against Us" clause in the Policy as

written, which requires Plaintiff to submit a sworn POL before filing suit (Dkt. 58 at 2-6). The Magistrate Judge found "Defendant has received what would likely be a substantially compliant POL in the form of Plaintiff's civil complaint," and ultimately concluded Defendant is unable to show prejudice as required under Texas law (Dkt. #57 at 7).

First, Defendant argues Plaintiff's complaint is inadequate to comply with the POL requirement because it is an unsworn document and Plaintiff's non-compliance with the "Action Against Us" clause fails to aid the resolution of the claim pre-suit (Dkt. #58 at 3-4). Second, Defendant argues it is not required to show prejudice. *Id.* at 4. Finally, Defendant argues that, nonetheless, it showed Plaintiff's failure to comply with the clause caused Defendant actual prejudice. *Id.* at 4-6. The Court has previously rejected these arguments multiple times. *Wilson v. Allstate Ins. Co.*, 2017 WL 1313854 (E.D. Tex. Apr. 10, 2017); *Lopez v. Allstate Vehicle & Prop. Ins. Co.*, 2017 WL 1294453 (E.D. Tex. Apr. 4, 2017); *Polen v. Allstate Vehicle & Prop. Ins. Co.*, 2017 WL 661836 (E.D. Tex. Feb. 17, 2017). Thus, these objections are overruled.

**Objection 2: Extra-Contractual Claims**

First, Defendant argues Plaintiff's statutory bad faith claim fails because a finding of breach of contract is a prerequisite to extra-contractual liability (Dkt. #58 at 6-7). The report found there is a genuine issue of material fact as to whether Defendant breached the insurance agreement; thus, this argument fails.

Second, Defendant argues Plaintiff failed to show Defendant's alleged statutory violation or bad faith caused an injury that is independent from the loss of benefits under the insurance policy. *Id.* at 6-8. Defendant presents no new arguments distinct from the ones made in its motion (Dkt. #38) and reply (Dkt. #56). Thus, the Court finds the objections are overruled.

**CONCLUSION**

Having received the report of the United States Magistrate Judge, having considered each of Defendant's timely filed objections (Dkt. #58), having considered Plaintiff's response (Dkt. #59), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #57) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #38) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 7th day of September, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE